UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-05658-CAS(JPRx) | Date | October 7, 2015 |
| Title | U.S. BANK NATIONAL ASSOCIATION AS SUCCESSOR TRUSTEE TO BANK OF AMERICA, NATIONAL ASSOCIATION, (SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION ) AS TRUSTEE FOR THORNBURG MORTGAGE SECURITIES TRUST 2006-4 v. ANITA COREY, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys Present for Plaintiffs:

Not Present

Attorneys Present for Defendants:

Not Present

**Proceedings:** (IN CHAMBERS) - PLAINTIFF'S MOTION TO REMAND (filed August 11, 2015, dkt. 6)

## I.     INTRODUCTION AND BACKGROUND

On December 11, 2014, plaintiff U.S. Bank National Association, as Successor Trustee to Bank of America, National Association, (Successor By Merger to LaSalle Bank National Association) as Trustee for Thornburg Mortgage Securities Trust 2006-4, filed an unlawful detainer action (the "underlying unlawful detainer action") in the Los Angeles County Superior Court against pro se defendants Anita Corey, Hara Humberd, and Does 1-10, inclusive (collectively, "defendants"). Dkt. 1 (Complaint, State Case No. 14R13010). On December 31, 2014, defendants filed a notice of removal on the grounds that there was diversity of citizenship, and that the complaint raised a federal question. See Case No. 2-14-cv-09970-R-VBK, ECF Dkt. 1 (December 31, 2014 Notice of Removal). On April 28, 2015, plaintiff filed a motion to remand the action to state court. Id., ECF Dkt. 4 (Motion to Remand). In an order dated June 4, 2015, the Honorable Manuel L. Real granted plaintiff's motion to remand, holding that the Court lacks subject matter jurisdiction over the action, which states a single claim for unlawful detainer. Id., ECF Dkt. 9 (June 4, 2015 Remand Order).

Following this Court's previous remand of this action, plaintiff states that it obtained a default judgment for possession, and on July 6, 2015, the state court issued a Writ of Possession. Mot. to Remand at 5. Plaintiff further states that through the Los

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'   JS-6

| Case No. | 2:15-cv-05658-CAS(JPRx) | Date | October 7, 2015 |
|---|---|---|---|
| Title | U.S. BANK NATIONAL ASSOCIATION AS SUCCESSOR TRUSTEE TO BANK OF AMERICA, NATIONAL ASSOCIATION, (SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION ) AS TRUSTEE FOR THORNBURG MORTGAGE SECURITIES TRUST 2006-4 v. ANITA COREY, ET AL. | | |

Angeles County Sheriff's Department's enforcement of the Writ of Possession, plaintiff was placed in peaceful possession of the premises on July 29, 2015. Id.

However, on July 27, 2015, defendants filed a second notice of removal for the underlying unlawful detainer action. Dkt. 1 (Notice of Removal). The second notice of removal again attaches plaintiff's original, unmodified December 11, 2014 complaint, and appears to be substantively identical to defendants' first notice of removal. *Compare* Dkt. 1, Case No. 2:15-cv-05658-CAS-JPR (July 27, 2015 Notice of Removal) *with* Dkt. 1, Case No. 2-14-cv-09970-R-VBK (December 31, 2014 Notice of Removal). Specifically, in their second notice of removal, defendants again state that "this case is not founded on the basis of a Federal Defense but rather on the merits of [a] Constitutional issue and . . . 28 U.S.C. Section 1331 (Federal Question), 28 U.S.C. Section 1332 (Diversity) and 28 U.S.C. Section 1333 (Admiralty, Maritime and Prize Cases)." Notice of Removal at 6.

On August 11, 2015, plaintiff filed the instant motion to again remand this case to state court, dkt. 6, along with a request for judicial notice, dkt. 11.[1] Defendants did not file an opposition to plaintiff's motion. On October 1, 2015, the Court found plaintiff's motion appropriate for decision without oral argument and took the matter under submission. Dkt. 9; see Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. The Court finds and concludes as follows.

---

[1] Plaintiff requests that the Court take judicial notice of the following two documents: (1) the complaint for unlawful detainer filed on December 11, 2014 in the Los Angeles County Superior Court (State Case No. 12R13010); and (2) the order, dated June 4, 2015, from the United States District Court for the Central District of California, Case No. 2-14-cv-09970-R-VBK, granting plaintiff's previous motion to remand. The Court grants plaintiff's request for judicial notice, as these documents are in the public record and are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); see also Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-05658-CAS(JPRx) | Date | October 7, 2015 |
|---|---|---|---|
| Title | U.S. BANK NATIONAL ASSOCIATION AS SUCCESSOR TRUSTEE TO BANK OF AMERICA, NATIONAL ASSOCIATION, (SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION ) AS TRUSTEE FOR THORNBURG MORTGAGE SECURITIES TRUST 2006-4 v. ANITA COREY, ET AL. | | |

## II.  LEGAL STANDARD

Removal is proper where the federal courts would have had original jurisdiction over an action filed in state court. See 28 U.S.C. § 1441(a). Courts recognize a "strong presumption" against removal jurisdiction and place the burden on the removing defendant to demonstrate that subject matter jurisdiction exists. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). In general, a federal district court has subject matter jurisdiction where a case presents a claim arising under federal law ("federal question jurisdiction"), or where the plaintiffs and defendants are residents of different states and the amount in controversy exceeds $75,000 ("diversity jurisdiction"). See, e.g., Deutsche Bank Nat'l Trust Co. v. Galindo, 2011 WL 662324, *1 (C.D. Cal. Feb.11, 2011) (explaining the two types of jurisdiction).

## III.  DISCUSSION

As an initial matter, defendants have not filed an opposition to plaintiff's motion to remand. Pursuant to Local Rule 7-12, the failure to file an opposition may be deemed consent to the granting of the motion. Furthermore, "a party is not entitled to file a second notice of removal upon the same grounds where the district court previously remanded the action." Allen v. UtiliQuest, LLC., 2014 WL 94337, *2 (N.D. Cal. Jan. 9 2014) (citing St. Paul & C. Ry. Co. v. McLean, 108 U.S. 212, 217 (1883)); see also Seedman v. U.S. Dist. Ct. for Cent. Dist. of Cal., 837 F.2d 413, 414 (9th Cir. 1988) ("Once a district court certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case. Contrary to respondent's position, a second removal petition based on the same grounds does not 'reinvest' the court's jurisdiction. A remand order returns the case to the state courts and the federal court has no power to retrieve it. As the statute makes clear, if the remand order is based on section 1447(c), a district court has no power to correct or vacate it"); Lodi Mem'l Hosp. Ass'n, Inc. v. Blue Cross of Cal., 2012 WL 3638506, *3 (E.D. Cal. Aug. 22, 2012) ("In light of the prohibition against review of a remand order in § 1[4]46(d), once a district court has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-05658-CAS(JPRx) | Date | October 7, 2015 |
| Title | U.S. BANK NATIONAL ASSOCIATION AS SUCCESSOR TRUSTEE TO BANK OF AMERICA, NATIONAL ASSOCIATION, (SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION ) AS TRUSTEE FOR THORNBURG MORTGAGE SECURITIES TRUST 2006-4 v. ANITA COREY, ET AL. | | |

remanded a case, a defendant generally may not remove the case to federal court a second time." (citing In re La Providencia Dev. Corp., 406 F.2d 251, 252 (1st Cir.1969))).

"Th[e] general prohibition on successive removals, however, does not apply 'when subsequent pleadings or events reveal *a new and different ground* for removal.'" Leon v. Gordon Trucking, Inc., 76 F. Supp. 3d 1055, 1062 (C.D. Cal. 2014) (quoting Kirkbride v. Continental Casualty Co., 933 F.2d 729, 732 (9th Cir.1991) (emphasis in original)). Here, however, no new or different grounds appear to justify defendants' second filing of a notice of removal, which involves an attempt to remove the same unlawful detainer action on the very same grounds that the Court previously rejected. Unlawful detainer actions are pure matters of state law and "are strictly within the province of state court." McGee v. Seagraves, 2006 WL 2014142, at *2 (E.D. Cal. July 17, 2006); see also Deutsche Bank Nat'l Trust Co. v. Leonardo, 2011 U.S. Dist. LEXIS 83854, at *2 (C.D. Cal. Aug. 1, 2011) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law."). This Court does not have federal question jurisdiction over an action where a "right or immunity created by the Constitution or laws of the United States" does not constitute an essential element of plaintiff's cause of action. See Cal. Shock Trauma Air Rescue v. State Comp. Ins. Fund, 636 F.3d 538, 541 (9th Cir. 2011) (citation omitted); McGee, 2006 WL 2014142, at *2 (holding that a federal court lacks jurisdiction over unlawful detainer actions). Furthermore, even if defendants were to assert counterclaims against plaintiff, defendants cannot create federal subject matter jurisdiction by attempting to raise a defense under any federal law or the United States Constitution. See Anderson, 539 U.S. at 6. In addition, although defendants conclusorily state in their notice of removal that there is diversity of citizenship, they offer no alleged facts in support of this contention. Accordingly, this Court continues to lack subject matter jurisdiction, and must again remand. Suarez, 2011 U.S. Dist. LEXIS 82300 at *6.

Finally, the Court notes that "absent new and different grounds for removal based on newly discovered facts or law, a defendant who improperly removes a case after a federal court previously remanded it risks being sanctioned under Federal Rule of Civil Procedure 11." Fed. Home Loan Mortgage Corp. v. Pulido, 2012 WL 5199441, *2 (N.D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-05658-CAS(JPRx) | Date | October 7, 2015 |
| Title | U.S. BANK NATIONAL ASSOCIATION AS SUCCESSOR TRUSTEE TO BANK OF AMERICA, NATIONAL ASSOCIATION, (SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION ) AS TRUSTEE FOR THORNBURG MORTGAGE SECURITIES TRUST 2006-4 v. ANITA COREY, ET AL. | | |

Cal. Oct. 20, 2012) (citing Benson v. SI Handling Systems, Inc., 188 F.3d 780, 783 (7th Cir.1999) ("Multiple removals could encounter problems—could even lead to sanctions—if nothing of significance changes between the first and second tries" (internal citation omitted))). Although plaintiff has not sought sanctions under Rule 11, the Court nonetheless has the power to initiate Rule 11 proceedings on its own initiative. See Fed. R. Civ. P. 11(c)(3). Accordingly, any future attempt to remove this action without good cause may result in monetary sanctions.

## IV. CONCLUSION

In accordance with the foregoing, this case is hereby **REMANDED** to the Los Angeles County Superior Court.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |